BARHAM & OWENS v. J. E. C. BELL.

*Contract—Principal and Agent—Relation of States to Each Other.*

1. Where a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or principal may sue upon it, the defendant in the latter case being entitled to be placed in the same position, at the time of the disclosure of the real principal, as if the agent had been the real contracting party.

2. Even if it were settled (which is not the case) that an undisclosed foreign principal cannot maintain an action on a contract made by his agent with another, this rule would not apply where the parties are residents of different States of the American Union, for they are not foreign to each other in such a sense as to permit the operation of the rule stated.

CIVIL ACTION, tried before *Shuford, J.*, at Spring Term, 1892, of CURRITUCK Superior Court.

The plaintiffs, residents of the State of Virginia, brought their action for damages for breach of contract by the defendant who, as alleged, contracted to sell and deliver to them 2,000 bushels of corn at Gregory and Snowden Stations, on the Norfolk & Southern Railroad, but delivered only about 500 bushels.

G. E. Stevenson, for the plaintiffs, testified on the trial that he was agent of the plaintiffs at the time of the contract, to buy corn for them in North Carolina, and that in March, 1891, he purchased from defendant 2,000 bushels of corn at 58 cents per bushel, 1,500 bushels to be delivered at Gregory's siding and 500 bushels to be delivered at Snowden's Station, on the Norfolk & Southern Railroad; that defendant agreed to deliver the corn in reasonable time and when plaintiffs could get cars for shipping it; he was to pay for the corn after it was put in the cars and

before it left the stations; that defendant delivered 512 bushels of corn at Snowden's Station, but failed to deliver the 1,500 bushels, or any part thereof, at Gregory's siding, though the plaintiffs twice had cars and bags and an agent at Gregory's siding to receive it, and had notified the defendant that the cars and bags were there; that the plaintiffs were anxious for the corn and were able, willing and ready to comply with their part of the contract, and that defendant knew for whom the witness was buying the corn at the time the contract was made.

On cross-examination witness stated that he thought he told the defendant that he was buying for plaintiffs; that he was buying corn for himself, the plaintiffs and others before and after the time of the contract with defendant; that he paid the defendant for the corn delivered at Snowden's Station, and that he had made arrangements to pay for the corn to be delivered at Gregory by a draft on plaintiffs.

The defendant testified that he never sold plaintiffs any corn, but did sell to Stevenson corn to be delivered in the quantities and at the places stated by Stevenson, whom he told that the corn was not his own but belonged to other parties; that he sold the corn for those parties and notified them of the fact; that Stevenson did not inform him that he was buying for plaintiffs until some time after the sale, and that he, the defendant, told one of the plaintiffs in Norfolk that the corn did not belong to him, the defendant, but that he would do all he could to get the owner of the corn to deliver it; that he, the defendant, did not deliver the corn because it did not belong to him and the owners would not comply with the contract.

The Court charged the jury: "That although G. E. Stevenson may have been the agent of the plaintiffs to buy corn for them, and may, in fact, have purchased the corn

in controversy for them, yet if he contracted on his own account and in his own name, and did not disclose his agency, nor the fact that he was contracting as an agent, and his agency was unknown to the defendant, the transaction was not binding on the defendant as a contract with the plaintiffs, but with G. E. Stevenson, and the plaintiffs cannot recover damages for a breach of the same, and if the jury find the facts so to be, they should answer the first issue in the negative, which was, 'Did defendant contract to sell plaintiffs 2,000 bushels of corn?'"

To this charge plaintiffs excepted.

The Court further charged the jury that "if defendant did not undertake to sell the corn as principal, or on his own account, but as the agent of others, the transaction would not be binding on him as a contract between him and the plaintiffs, but would be binding on his principals, and if his principals refused to comply with the same, they would be liable in damages for a breach of it, but he would not be liable, and the plaintiffs could not maintain an action against him, provided he had authority to make the contract, and if the jury find the facts so to be, they should answer the first issue in the negative."

*Messrs. Grandy & Aydlett*, for plaintiffs (appellants).
*Messrs. Pruden & Vann*, for defendant.

SHEPHERD, C. J.: "It is a well established rule of law that when a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it, the defendant in the latter case being entitled to be placed in the same position, at the time of the disclosure of the real principal, as if the agent had been the real contracting party." Ewell's Evans on Agency, 379; Story on Agency, 420; Wharton on Agency and Agents, 403; Am. & Eng. Enc., 425.

It is manifest from the foregoing authorities that his Honor erred in charging the jury that the plaintiffs could not sue upon the contract made by their agent, Stevenson, with the defendant. It is insisted, however, that inasmuch as the plaintiffs were residents of the State of Virginia, they were foreign principals and therefore not within the principle above mentioned. We do not regard it as entirely settled that a foreign principal cannot maintain an action upon such a contract; but, however this may be, it seems clear that, while the States of the American Union are in some senses foreign to each other, yet so far as concerns the reason of the rule asserted by the defendant, "they do not bear the same reciprocal relations as does one of these States to a transatlantic country." Wharton, *supra*, 793; *Taintor* v. *Pendergrast*, 3 Hill, 72; *Barry* v. *Page*, 10 Gray, 398. There must be a                                 New Trial.